IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ANTWAN SHAIRD,

        Petitioner,

v.                                                        CIVIL ACTION NO. 3:12cv163
                                                            (Judge Groh)

TERRY O'BRIEN,

        Respondent.

**REPORT AND RECOMMENDATION**

**I. BACKGROUND**

On December 12, 2012, the *pro se* petitioner, Antwan Shaird, filed an Application for Habeas Corpus Pursuant to 28 U.S.C. §2241 seeking additional prior custody credit toward his federal sentence. On that same date, the petitioner also filed a Motion for Leave to Proceed *in forma pauperis* and a Prisoner Trust Account Statement. On December 17, 2013, the petitioner was granted leave to proceed *in forma pauperis* and the undersigned reviewed the substance of the petition and determined that summary dismissal was not warranted. Accordingly, an Order to Show Cause was issued against the respondent. On January 14, 2013, the respondent a Response together with a Motion to Dismiss or, in the Alternative, for Summary Judgment. On January 15, 2013, a Roseboro Notice was issued, and on January 28, 2013, the petitioner filed his response.

**II. FACTS**

On April 26, 2008, the petitioner was arrested by the Philadelphia Police department and the following day was charged in a Criminal Complaint with five offenses, including criminal trespass and possession of a controlled substance. (Doc.12-6, p. 1). On August 12, 2009, the Commonwealth

1

of Pennsylvania filed an information containing the same five charges. (Doc 12-6, p. 4 ). On December 14, 2009, the petitioner pleaded guilty to criminal trespass and possession of a controlled substance, and the other three charges were Nolle Prossed. On that same date, the petitioner received a sentence of "Time Served to 23 Months" and was granted "Immediate Parole." (Doc. 12-6, pp. 4-5). The petitioner was then released into federal custody. (Doc. 12-5, p.2)

On May 26, 2009, the petitioner was indicted in the Eastern District of Pennsylvania for possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) ("Count I"); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)("Count II"); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1)("Count III"). (Doc. 12-4, p. 2). On June 18, 2009, the district court ordered the Warden of Curran-Fromhold Correctional facility, a non-federal prison located in Philadelphia, Pennsylvania, and the United States Marshals Service ("Marshals Service") to produce the petitioner on July 16, 2009, for his initial appearance. (Doc. 12-13). On July 16, 2009, pursuant to a writ of habeas corpus ad prosequendum, the petitioner was brought for his initial appearance and housed at the Federal Detention Center in Philadelphia pending his detention hearing. (Doc.12-5, p. 2). On July 27, 2009, the court ordered the petitioner committed to the custody of the Attorney General for confinement in a correction facility pending trial. (Doc.12-16). On March 12, 2010, a jury convicted the petitioner on all three counts. (Doc.12-17). On February 24, 2011, the court sentenced the petitioner to a total of 130 months in prison. (Doc. 12-7).

The petition appealed his federal conviction on two grounds. First, he argued that the District Court erred in admitting his written confession to possession of marijuana. Second, he contended that the District Court erred in excluding as inadmissable hearsay a portion of the Government's trial memorandum that he sought to introduce at trial. On March 6, 2012, the Third Circuit held that

admission of the petitioner's confession was not harmless with respect to Count I and Count II, but that it was harmless with respect to Count III. Accordingly, the Third Circuit reversed the judgment of conviction with respect to Count I and Count II and remanded for further proceedings regarding the conviction on Count III consistent with its decision. United States v. Shaird, 463 Fed.Appx. 121 (3rd Cir. 2012).

On April 25, 2012, the district court ordered the respondent and the Marshals Service to produce the petitioner for re-sentencing on Count III. (Doc. 12-18). On July 17, 2012, the district court ordered the Marshals Service to continue holding the petitioner at the Federal Detention Center in Philadelphia pending sentencing. (Doc. 12-19). On September 24, 2012, the district court sentenced the petitioner to 92 months in prison on Count III. (Doc. 12-8).

Thereafter, the Federal Bureau of Prisons ("BOP") prepared a sentence computation for the petitioner, beginning the computation of his 92-month term of imprisonment on February 24, 2011, the date of his original sentence. The BOP afforded the petitioner prior custody credit from December 15, 2009, to February 23, 2011. (Doc. 12-11, p.3). Based on this calculation, the petitioner's projected release, via good conduct time, is February 22, 2017. (Id.).

## CONTENTIONS OF THE PARTIES

Petitioner makes the following argument in his Application for Habeas Corpus:

(1) He was arrested and incarcerated on February 7, 2009, and from that date, he was sitting in prison awaiting the outcome of his federal case. Therefore, he is entitled to prior custody credit from February 7, 2009, and his projected release date should be in 2016, rather than 2017.

The Government contends that the petition should be dismissed because:

(1) the petitioner dis not exhaust his administrative remedies concerning the computation of his federal sentence; and alternatively,

(2) petitioner is not entitled to any additional prior custody credit because to do so would give him double credit for his detention time.

In his response to the Roseboro Notice, the petitioner first notes that the respondent's allegation that he did not attempt to exhaust his administrative grievances is incorrect. He attached his attempt at informal resolution as well as the page from his petition in which he noted that he received no response. The petitioner also argues that state authorities gave up their primary jurisdiction and custody over him when the state dismissed all charges against him.[1] Finally, the petitioner argues he was released by state authorities on July 6, 2009, without a pre-transfer hearing that the "uniform act" requires, and was, therefore in the primary custody of the federal authorities.

## IV. Standard of Review

### A. Motion to Dismiss

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir.1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir.1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555

---

[1] While three charges were nolle prossed, the petitioner pleaded guilty to the other two charges.

(2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46. In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Conley, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," id. (citations omitted), to one that is "plausible on its face," id. at 570, rather than merely "conceivable." Id. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I.DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir.2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir.2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir.2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.

**B. Summary Judgment**

The Supreme Court has recognized the appropriateness of Rule 56 summary judgment motions in habeas cases. See Blackledge v. Allison, 431 U.S. 63, 80 91977). So too, has the Fourth Circuit Court of Appeals. Maynard v. Dixon , 943 F.2d 407 (4th Cir. 1991). Pursuant to Rule 56c of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions,

answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Motions for summary judgment impose a difficult standard on the moving party; for it must be obvious that no rational trier of fact could find for the nonmoving party. Miller v. Federal Deposit Ins. Corp., 906 F.2d 972, 974 (4th Cir. 1990). However, the "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242-252 (1986). To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." Id. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation. Anderson, 477 U.S. at 248. It is well recognized that any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Industrial Co. V. Zenith Radio Corp., 475 U.S. 574, 587-88 1986

### V. ANALYSIS

#### A. Exhaustion of Administrative Remedies

In the response to the petition, the respondent argues that the instant § 2241 petition should be dismissed because the petitioner has not filed any administrative remedies concerning the computation of his federal sentence and therefore has failed to exhaust the administrative remedies available to him before filing this action. The respondent concedes that 28 U.S.C. § 2241 does not contain an express exhaustion requirement and the Prison Litigation Reform Act ("PLRA") is not applicable to this type of prisoner case. However, citing a decision from this district, the respondent

argues that even in case where the administrative process is unlikely to grant an inmate relief, Courts have enforced a longstanding policy favoring exhaustion." *citing* Baucum v. DeBoo, 2012, WL 2738470 , *4 (N.D.W.Va. July 9, 2012)(Bailey).

The undersigned does not dispute that the PLRA mandates the exhaustion of administrative remedies, or that similar principles have been applied in habeas corpus actions. However, the requirements of the PLRA are applicable to civil suits in which a prisoner challenges the conditions of his confinement, not habeas proceedings challenging the execution of a sentence under 28 U.S.C. § 2241. See LaRue v. Adams, 2006 WL 1674487 *5 - *7 (S.D.W.Va. June 12, 2006) (citing Smith v. Angelone, 111 F.3d 1126, 1129-31 (4th Cir.) cert. denied, 521 U.S. 1131 (1997)).[2]

Moreover, to the extent that exhaustion has been applied to habeas corpus, such a requirement is not mandated by statute. Instead, exhaustion prerequisites in habeas corpus actions arising under § 2241 are merely judicially imposed. Because the exhaustion requirement is only judicially imposed in habeas proceedings, it follows that a Court has the discretion to waive that requirement in certain circumstances. See Larue. at *8 (recognizing that several circuit and district courts have found that the exhaustion requirements may be waived under § 2241 and noting that although the Fourth Circuit has not directly addressed this issue, it has shown a willingness to adopt a futility exception to the general exhaustion requirement in habeas corpus actions).

---

[2] In LaRue, the Southern District of West Virginia noted that the purpose of the PLRA was to curtail the filing of frivolous prisoner civil rights actions. LaRue 2006 WL 1674487 at *7. In addition, the Court found it significant that Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) nearly simultaneous with the PLRA and that under the AEDPA Congress established separate procedures for addressing abusive habeas filings. Id. Moreover, the Court found that habeas actions were not typical civil actions because they involve someone's liberty, rather than claims of mere civil liability. Id. The Southern District cited several other district and circuit court cases that have also come to the conclusion that the PLRA and its exhaustion requirements are not applicable to habeas corpus proceedings. Id. (listing cases). The undersigned agrees with the reasoning of the Southern District of West Virginia and finds that a prisoner's challenge to the execution of his sentence under § 2241 is not subject to the PLRA's exhaustion requirements.

Here, it is not disputed that petitioner failed to exhaust his administrative remedies prior to filing suit in this Court. However, the petitioner alleged in his petition that the institution refused to respond or address the issue. The respondent has made no effort to refute what amounts to an allegation that the BOP has prevented the petitioner from exhausting his administrative remedies. Moreover, this case has been served, a response has been filed and the matter is ripe for review. Therefore, to dismiss this case for the failure to exhaust at this juncture of the litigation would be a waste of judicial time and resources. Accordingly, the undersigned recommends that exhaustion be waived and this case proceed to a determination on the merits.

**B. Sentence Calculation**

Review of this petition must start with the basic premise that a federal sentence commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). In addition, a defendant must be given credit 'for any time he has spent in official detention prior to the date the sentence commences...that has not been credited against another sentence.' 18 U.S.C. 3585(b)" King v. DeBoo, 2012 WL 1119763, *2 (N.D. W.Va. Apr. 3, 2012)(Bailey). e.

The Attorney General, through the BOP, is responsible for computing federal terms of imprisonment. See United States v. Wilson, 503 U.S. 329 (1992). In making this computation, the BOP must adhere to 18 U.S.C. § 3585(b), which provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences (1) as a result of the offense for which the sentence was imposed or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; **that has not been credited against another sentence.**

(emphasis added).

The United States Supreme Court has held that under 18 U.S.C. § 3585(b), "Congress made clear that a defendant could not receive double credit for his detention time." Wilson, supra at 337. Therefore, under 18 U.S.C. § 3585(b), prior custody credit cannot be awarded if the prisoner has received credit towards another sentence. See U.S. v. Brown, 977 F.2d 574 (4th Cir, 1992)(Defendant may receive credit against his federal sentence for time spent in official detention prior to the date his sentence commences **unless it has been credited against another sentence**). (emphasis added); U.S. v. Goulden, 54 F.3d 774 (4th Cir. 1995)(credit is only available for time spent in custody which has not been credited against another sentence).

Here, there appears to be no dispute that the petitioner's federal sentence commenced on February 24, 2011, the date he was originally sentenced on Count II, because that is the date he was received in custody awaiting transportation to the official detention facility at which his sentence was to be served. In addition, the BOP properly awarded the petitioner prior custody credit toward his federal sentence for the period December 15, 2009, to February 23, 2011, because none of this time period was credited toward his state sentence.

To the extent that the petitioner argues that he entitled to prior custody credit for the additional period spent in official detention from February 7, 2009, to December 14, 2009, the same is unavailing. The petitioner was awarded credit toward his **state** sentence for this period when the Court of Common Pleas of Philadelphia County sentenced him to twenty-three months served and granted him immediate parole on December 14, 2009. Therefore, pursuant to the provisions of § 3585(b), these time periods cannot also be credited towards his federal sentence. Therefore, the petitioner has earned the maximum prior custody credit to which he is entitled under 18 U.S.C. § 3585(b).

### IV. <u>RECOMMENDATION</u>

Based on the foregoing, the undersigned recommends that the respondent's Motion to Dismiss

or, in the Alternative, for Summary Judgment (Doc.11) be **GRANTED**, the petitioner's Motion for Evidentiary hearing (Doc. 17) be **DENIED**, and the petitioner's §2241 petition be **DENIED and DISMISSED WITH PREJUDICE**.

Within fourteen (14) days of being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Gina M. Groh, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last know address as shown on the docket sheet. The Clerk of the Court is further directed to provide a copy of this Report and Recommendation to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Filing in the United States District Court.

DATED: March 11, 2013

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE