**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**ANTWAN SHAIRD,**

       Petitioner,

**v.**                                  **CIVIL ACTION NO. 3:12-CV-163
(JUDGE GROH)**

**TERRY O'BRIEN,**

       Respondent.

## ORDER ADOPTING OPINION/REPORT AND RECOMMENDATION

### I. Introduction

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate Judge John S. Kaull. By Standing Order this action was referred to Judge Kaull for submission of a proposed Report and Recommendation ("R&R"). Judge Kaull filed his R&R [Doc.19] on March 11, 2013. In that filing, he recommended that this Court grant Respondent's Motion to Dismiss or, in the Alternative, for Summary Judgment [Doc. 11], deny Petitioner's Motion for Evidentiary hearing [Doc. 17], and deny and dismiss with prejudice Petitioner's § 2241 petition.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or

recommendation to which no objections are addressed.  *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  In addition, failure to file timely objections constitutes a waiver of *de novo* review and the petitioner's right to appeal this Court's Order.  28 U.S.C. § 636(b)(1); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).  Here, objections to Magistrate Judge Kaull's R&R were due within fourteen (14) days after being served with a copy of the R&R pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure.  The docket reflects that Petitioner accepted service on March 15, 2013.  Petitioner timely filed his objections on March 26, 2013.  Accordingly, this Court will undertake a *de novo* review of those portions of Judge Kaull's findings to which objection is made.  This Court will review the remainder of the R&R for clear error.

## II.  Background

### A.  Factual Background

On April 26, 2008, Petitioner was arrested by the Philadelphia Police Department, and he was charged in a Criminal Complaint with five offenses, including the state offenses of criminal trespass and possession of controlled substance.  On August 12, 2009, the Commonwealth of Pennsylvania filed an Information containing the same charges.  On December 14, 2009, Petitioner pled guilty to the two state charges of criminal trespass and possession of controlled substance,[1] and he was sentenced to "Time Served to 23 Months" and granted "Immediate Parole."  Then, he was released to the primary custody of the United States Marshals Service.

---

[1]The remaining charges were nolle prossed.

On February 7, 2009, Petitioner was arrested by state of Pennsylvania law enforcement officials for, *inter alia*, Manufacturing, Delivering, or Possession with Intent to Manufacture or Deliver a Controlled Substance, Possession of a Firearm By a Prohibited Person, Intentional Possession of a Controlled Substance, Possession of an Instrument of Crime, Receiving Stolen Property, Carrying a Firearm Without a License, Carrying a Firearm in Public, and Criminal Conspiracy.  All charges were nolle prossed.

On May 26, 2009, the Government filed an Indictment in United States District Court for the Eastern District of Pennsylvania against Petitioner for Possession of Marijuana with Intent to Distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(D) ("Count I"); Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c) ("Count II"); and Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. § 922(g)(1) ("Count III"), based on the February 7, 2009 events.  On June 18, 2009, the district court ordered the Warden of Curran-Fromhold Correctional facility, a non-federal prison located in Philadelphia, Pennsylvania, and the United States Marshals Service ("Marshals Service") to produce Petitioner on July 16, 2009, for his initial appearance. On July 16, 2009, the Marshals Service transported Petitioner to the district court for his initial appearance and housed him at the Federal Detention Center in Philadelphia pending his detention hearing.  On July 27, 2009, the district court ordered Petitioner committed to the custody of the Attorney General for confinement in a correctional facility pending trial.  On March 12, 2010, a jury convicted Petitioner on all three counts.

On February 24, 2011, the district court sentenced Petitioner to a 130-month term of incarceration.  Petitioner appealed his federal conviction on two grounds.  First, he

argued that the district court erred in admitting his written confession to possession of marijuana.  Second, he contended that the district court erred in excluding as inadmissible hearsay a portion of the Government's trial memorandum that he sought to introduce at trial.  On March 6, 2012, the Third Circuit Court of Appeals held that the admission of Petitioner's confession was not harmless with respect to Count I and Count II, but the admission was harmless with respect to Count III.  Thus, the Third Circuit reversed the judgment of conviction with respect to Count I and Count II and remanded for further proceedings, consistent with its decision, regarding the conviction on Count III.  ***United States v. Shaird***, 463 Fed. Appx. 121 (3d Cir. 2012).

Accordingly, on September 24, 2012, the district court amended Petitioner's sentence to a 92-month term of incarceration for Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. § 922(g)(1), and Counts 1 and 2 of the Indictment were dismissed.  Then, the Federal Bureau of Prisons ("BOP") prepared a sentence computation for Petitioner.  The BOP began the computation of his 92-month sentence on February 24, 2011, the date of his original sentence.  The BOP afforded Petitioner prior custody credit from December 15, 2009 to February 23, 2011.  Based on this calculation, Petitioner's projected release date, with good conduct time, is February 22, 2017.

### B.  Procedural History

On December 12, 2012, Petitioner Antwan Shaird, acting *pro se*, filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241 seeking additional prior custody credit toward his federal sentence.  On the same date, Petitioner also filed a Motion for Leave to Proceed *in forma pauperis* and a Prisoner Trust Account Statement.

4

On December 17, 2012, the Court granted Petitioner leave to proceed *in forma pauperis*.  Judge Kaull also reviewed the substance of the petition and determined that summary dismissal was not warranted.  Therefore, Judge Kaull entered an Order to Show Cause against Respondent.  On January 14, 2013, Respondent filed a Response together with a Motion to Dismiss or, in the Alternative, for Summary Judgment.  On January 15, 2013, the Court issued a *Roseboro* notice.  On January 28, 2013, Petitioner filed his Response and a Motion for Evidentiary Hearing.

On March 11, 2013, Judge Kaull entered his R&R.  Petitioner timely filed his objections on March 26, 2013.  Accordingly, this matter is ripe for the Court's review.

### III.  Standard of Review

#### A.  Motion to Dismiss

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." **Republican Party of N.C. v. Martin**, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)).  When reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must assume all of the allegations to be true, must resolve all doubts and inferences in favor of the plaintiff, and must view the allegations in a light most favorable to the plaintiff.  **Edwards v. City of Goldsboro**, 178 F.3d 231, 243-44 (4th Cir. 1999).

But, a complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is *plausible* on its face." **Bell Atl. Corp. v. Twombly**, 550 U.S. 544, 127

5

S. Ct. 1955, 1974 (2007) (emphasis added).  "The pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancements."  ***Ashcroft v. Iqbal***, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).

### B.  Summary Judgment

The United States Supreme Court and the Fourth Circuit Court of Appeals have recognized the appropriateness of Rule 56 summary judgment motions in habeas cases.  *See **Blackledge v. Allison***, 431 U.S. 63, 80, 97 S. Ct. 1621, 1632-33 (1977); ***Maynard v. Dixon***, 943 F.2d 407 (4th Cir. 1991).

Rule 56 of the Federal Rules of Civil Procedure governs summary judgment.  *See* **FED. R. CIV. P. 56.**  Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  ***Celotex Corp. v. Catrett***, 106 S. Ct. 2548, 2552, 477 U.S. 317, 322 (1986).  A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party."   ***Anderson v. Liberty Lobby, Inc.***, 106 S. Ct. 2505, 2510, 477 U.S. 242, 248 (1986). Thus, the Court must conduct "the threshold inquiry of determining whether there is the need for a trial- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."   ***Anderson***, 106 S. Ct.

6

at 2511, 477 U.S. at 250.

The party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 106 S. Ct. 1348, 1356, 475 U.S. 574, 586 (1986). That is, once the movant has met its burden to show an absence of material fact, the party opposing summary judgment must then come forward with affidavits or other evidence demonstrating there is indeed a genuine issue for trial. FED. R. CIV. P. 56(c); *Celotex Corp.*, 166 S. Ct. at 2552-54, 477 U.S. at 323-25; *Anderson*, 106 S. Ct. at 2510, 477 U.S. at 248. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 106 S. Ct. at 2511; 477 U.S. at 249 (citations omitted).

## IV. Discussion

Petitioner has three objections. First, Petitioner argues that he attempted to exhaust his administrative grievances by seeking an informal resolution, but "the police personnel here at the institution deliberately failed to respond [in] a timely matter like the (BOP) procedure requires." Also, Petitioner contends that he did not have to exhaust administrative remedies because state authorities gave up their primary jurisdiction and custody over him when the state dismissed all charges against him. Second, Petitioner states that "[h]e was arrested and incarcerated on February 7, 2009, and from that date he was sitting in Federal prison awaiting the outcome of his federal case. Therefore, he is entitled to prior custody credit from February 7, 2009, and his projected release date should be in 2016, rather than 2017." Third, Petitioner argues that his constitutional rights were violated when he dd not receive a pretransfer hearing pursuant to the

7

Uniform Criminal Extradition Act.

### 1. Exhaustion of Administrative Remedies

Petitioner argued that he attempted to exhaust his administrative remedies through an informal resolution and that he does not have to exhaust his administrative remedies. However, Judge Kaull's R&R specifically waived the exhaustion requirement and recommended that the case proceed to a determination on the merits. In light of Judge Kaull's recommendation to waive the exhaustion of administrative remedies requirement, the purpose of Petitioner's objection, to seek a waiver of any requirement that he exhaust his administrative remedies, is **MOOT**.

### 2. Sentence Calculation

Second, Petitioner states that "[h]e was arrested and incarcerated on February 7, 2009, and from that date he was sitting in Federal prison awaiting the outcome of his federal case. Therefore, he is entitled to prior custody credit from February 7, 2009, and his projected release date should be in 2016, rather than 2017."

A federal sentence commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." **18 U.S.C. § 3585(a)**. A defendant must be given credit "for any time he has spent in official detention prior to the date the sentence commences . . . that has not been credited against another sentence." ***King v. Deboo***, 2012 WL 1119763, *2 (N.D.W. Va. Apr. 3, 2012) (citing 18 U.S.C. § 3585(b)).

Following a federal conviction and sentencing, the United States Attorney General, acting through the BOP, is responsible for calculating the inmate's term of confinement, including a determination of when the sentence commences. ***United States v. Wilson***, 503 U.S. 329, 334, 112 S. Ct. 1351 (1992); *see **United States v. Patrick***, 2013 WL 117804, *2 (4th Cir. Jan. 10, 2013). In making this computation, the BOP must adhere to 18 U.S.C. § 3585(b) that provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences: (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; *that has not been credited against another sentence*.

(emphasis added).

The United States Supreme Court held that under 18 U.S.C. § 3585(b), "Congress made clear that a defendant could not receive double credit for his detention time." *Id.* Thus, under 18 U.S.C. § 3585(b), prior custody credit cannot be awarded if the prisoner has received credit towards another sentence. *See **United States v. Brown***, 977 F.2d 574, *1 (4th Cir. 1992) ("[A] defendant may receive credit against his federal sentence for time spent in official detention prior to the date his sentence commences unless it has been credited against another sentence.").

In this case, Petitioner's federal sentence commenced on February 24, 2011, the date he was originally sentenced on Count II. On that date, Petitioner was received in custody awaiting transportation to the official detention facility at which his sentence was to be served. Additionally, the BOP properly awarded Petitioner prior custody

9

credit toward his federal sentence for the period December 15, 2009 to February 23, 2011, because none of this time was credited toward his state sentence.

In addition to the credit for time served that has been awarded by the BOP, Petitioner also seeks credit for time served from February 7, 2009 to December 14, 2009. However, the Court cannot award this credit because it has already been credited towards his December 14, 2009 sentence for the April 26, 2008 arrest. Accordingly, Petitioner's objection is **OVERRULED**.

### 3.    Pretransfer Hearing

Petitioner also argues in his objections–for the first time–that "[t]he State and federal authorities had violated [his] 5th Amendment rights Due process of law, by denying [him] the right to a pre-transfer hearing that the Uniform Act requires." Petitioner did not raise this as a ground for relief in his Petition for Writ of Habeas Corpus. Additionally, Petitioner is seeking to attack the underlying conviction in this district court rather than in the district court where he received his conviction.

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under Section 2255 in the district court of conviction. On the other hand, a petition for writ of habeas corpus, pursuant to Section 2241, is intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. The terms of Section 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under Section 2241. However, there is a "savings clause" in Section 2255, which allows a prisoner to challenge the validity of his conviction under Section 2241 if

10

he can demonstrate that Section 2255 is "inadequate or ineffective to test the legality of his detention." **28 U.S.C. § 2255(e)**.  A petitioner bears the burden of demonstrating that the Section 2255 remedy is "inadequate or ineffective," and the standard is an extremely stringent one.  In the Fourth Circuit, Section 2255 is deemed to be "inadequate and ineffective" to test the legality of a conviction only when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal, **and**
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

*See **In re Jones***, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added).

To the extent Petitioner attempts to challenge his conviction through this objection, Petitioner has failed to meet the savings clause because he has not demonstrated that § 2255 is an inadequate or ineffective remedy.  Therefore, this objection is **OVERRULED**.

## V.  Conclusion

Upon careful review of the record, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Doc. 19]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein.  Further, the

Petitioner's Objections **[Doc. 21]** are **OVERRULED**. It is further ordered that the

Respondent's Motion to Dismiss, or in the Alternative, for Summary Judgment **[Doc. 11]**

is **GRANTED**, Petitioner's Motion for Evidentiary hearing **[Doc. 17]** is **DENIED**, and

Petitioner's § 2241 petition be **DENIED and DISMISSED WITH PREJUDICE** and

**STRICKEN** from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and

to mail a copy to the *pro se* Petitioner by certified mail, return receipt requested, to his

last known address as shown on the docket sheet.  Pursuant to Federal Rule of Civil

Procedure 58, the Clerk is directed to enter judgment on this matter.

**DATED**: April 12, 2013

GINA M. GROH
UNITED STATES DISTRICT JUDGE

12